IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARRELL R. RISTER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-5058 |
| | : | |
| GREGORY MEYER, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                                    **MARCH 17, 2022**

Plaintiff Tarrell R. Rister, a prisoner incarcerated at Federal Detention Center – Philadelphia, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, for constitutional violations arising from the death of another individual, Muhammaud Johnson ("MJ"). Currently before the Court are a Complaint (ECF No. 1) submitted by Rister, along with his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4), and his Prisoner Trust Fund Account Statement (ECF No. 5). For the following reasons, the Court will grant Rister leave to proceed *in forma pauperis* and dismiss the Complaint in its entirety.

**I.      FACTUAL ALLEGATIONS**[1]

Rister asserts that "[t]his Complaint is brought by . . . Rister on behalf of his Muslim brother Muhammaud Johnson ('MJ'), pursuant to 42 U.S.C. §[] 1983 against two Philadelphia police officers and against two paramedics for Constitutional violations." (Compl. at 1.) The Complaint names Philadelphia Police Officers Gregory Meyer, #3475 and Michael T. Laverghetta, #3891, as Defendants, in addition to four paramedics identified only as John and Jane Does. (*Id.* at 2.) Rister

---

[1] The factual allegations set forth in this Memorandum are taken from the Complaint filed in this action (ECF No. 1).

alleges that "[o]n December 16, 2017, [at] [a]pprox. 7:25 p.m., . . . MJ was shot once below the right side of the chest and once below the right side of the lower back" on a street corner in Philadelphia and was "face[] down on the pavement" when authorities arrived at the crime scene. (*Id.*) Although MJ needed "police or paramedics [sic] assisstance [sic]", he allegedly "was thrown onto the back of defendants Meyer's and Laverghetta['s] police wagon . . . and left there alone[.]" (*Id.* at 3.) Rister further asserts that, rather than driving "9 minutes [(1.7 miles)] to Aria Frankford Hospital," Defendants Meyer and Laverghetta initially decided to drive "23 minutes [(6.8 miles)] to Albert Einstein Medical Center" but then changed the "hospital destination" and drove "25 minutes [(7.3 miles)] . . . to Temple University Hospital" which, unlike other area hospitals that were closer, was outside of their "region of employment." (*Id.*)

Rister contends that unspecified Defendants failed to secure treatment offered by paramedics, avoided the nearest hospitals, failed to "secure . . . and tend for MJ", and that their "careless neglect of MJ's serious emergency medical need[s]" resulted in MJ arriving at Temple Hospital "pulseless" and being pronounced dead at 7:57 p.m."[2] (*Id.* at 4.) The Complaint asserts that Defendants' collective "[m]isconduct" as set forth above "constitute[s] a violation of . . . MJ's rights under the United States/Federal Constitution." (Id. at 5.) Based on these allegations, Rister, "on behalf of his Muslim Brother Muhammaud Johnson," requests that the Court grant the following relief: (1) issue a declaratory judgment that claims that Defendants' actions were negligent and "amount to wrongful death" and violated MJ's rights; (2) award $250,000 in compensatory damages for MJ's wrongful death; and (3) award $2.5 million dollars in punitive damages. (*Id.* at 6-7.)

---

[2] Rister asserts he undertook an "independent investigation" into MJ's death and had "assisstance [from] private investigator Diane L. Cowan[.]" (*Id.* at 4.)

**II.    STANDARD OF REVIEW**

The Court grants Rister leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous, malicious, or fails to state a claim. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue his claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte." (citing *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 211 (3d Cir. 2007); *Chong v. Dist. Dir., INS*, 264 F.3d 378, 383 (3d Cir. 2001))); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing" (citation omitted)).

**III.   DISCUSSION**

Although Rister is the named Plaintiff in this action and the individual who filed the Complaint, he seeks to brings claims "on behalf of" Muhammaud Johnson – a deceased individual who is not a party to this action – based on harm suffered by Johnson and not Rister. Even giving the Complaint the most liberal construction, the Court cannot discern any factual allegations supporting the inference that Rister was harmed in any way by Defendants' action (or inaction).

---

[3] However, as Rister is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Rister lacks standing to bring this case based on harm suffered by Muhammaud. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *Twp. of Lyndhurst, N.J. v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Moreover, "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray ex rel Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) (citation omitted); *see also* 28 U.S.C. § 1654. "The federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)) (citation omitted). Accordingly, the Court must dismiss Rister's Complaint because he lacks standing to pursue claims on behalf of Muhammaud.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Rister leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for lack of standing because he cannot prosecute claims on behalf of someone other than himself. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice." (citations omitted)). An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
JOHN R. PADOVA, J.